**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE HERNANDEZ-LOPEZ, AKA Jose Hernandez, AKA Jose Hernandez Lopez, AKA Jose Hernandezlopez, AKA Jose Lopez-Cruz, | No.   17-73112 |
| | Agency No. A077-119-099 |
| Petitioner, | |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2022[**]
Pasadena, California

Before:  BEA, IKUTA, and CHRISTEN, Circuit Judges.

Petitioner Jose Hernandez-Lopez, a native and citizen of Mexico, timely

petitions for review from the denial of his application for withholding of removal

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and relief under the Convention Against Torture (CAT). An immigration judge (IJ) denied petitioner's application and the Board of Immigration Appeals (BIA) dismissed his appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Because the parties are familiar with the facts, we do not recite them here. When the BIA agrees with aspects of the IJ's findings while adding its own reasoning, the court reviews both decisions to the extent the BIA agreed with the IJ's conclusions. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). The court reviews factual findings for substantial evidence and legal conclusions de novo. *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).

1. Substantial evidence supports the denial of petitioner's request for withholding of removal. The record does not compel a finding contrary to the IJ's and BIA's determinations that the three incidents petitioner alleged, individually or collectively, do not rise to the level of persecution. First, while physical harm can constitute persecution, "a one-off physical beating d[oes] not compel a finding of persecution, even if, in our independent view, a reasonable factfinder could conclude such a beating rose to the level of persecution." *Aden v. Wilkinson*, 989 F.3d 1073, 1082 (9th Cir. 2021); *see Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021). Second, absent any additional detail of confrontation or mistreatment

accompanying the shopkeeper's threat, the shopkeeper's ambiguous statement that there would be "problems" if petitioner returned to the store lacks the requisite specificity to compel a past persecution finding. *See, e.g.*, *Sharma*, 9 F.4th at 1062; *Flores Molina*, 37 F.4th at 634.

Substantial evidence also supports the IJ's finding that petitioner did not suffer persecution when his mother was denied medical care. Harm to family or close friends may "contribute to a successful showing of past persecution," only when it is "part of a pattern of persecution closely tied to the petitioner himself." *Sharma*, 9 F.4th at 1062 (quotation marks and brackets omitted) (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)). The clinics' denial of medical care, while discriminatory, is qualitatively different from the examples in this court's case law, which implicated patterns of violence—beatings, killings, and threats—against family and friends in a way that was connected to or targeted at the petitioner. *See, e.g.*, *Korablina v. INS*, 158 F.3d 1038, 1042–43, 1045 (9th Cir. 1998); *Wakkary*, 558 F.3d at 1060. Moreover, the agency found that petitioner's mother recovered and continues to live in Mexico unharmed.

Substantial evidence supports the BIA's determination that the cumulative impact of these incidents did not rise to the level of past persecution. Petitioner must establish that the relevant facts, "evaluated in combination with each other[,]

3

. . . form a sufficiently negative portrait of the petitioner's experience in his or her own country that not only allows a finding of past persecution but requires it." *Flores Molina*, 37 F.4th at 636 (quoting *Sharma*, 9 F.4th at 1061). Petitioner does not meet this threshold because the three incidents are distinguishable from the "specific," "repeated," and "escalating" events that this court has recognized might compel a finding of past persecution from several incidents collectively. *See, e.g.*, *id.* at 636–37.

Substantial evidence also supports the IJ's finding that petitioner failed to establish it is more likely than not he would be persecuted because of a protected ground. Before the IJ, petitioner relied in part on country condition reports. The IJ and BIA recognized that the reports provided some evidence of discriminatory treatment against indigenous groups in Mexico, but reasonably found that the reports failed to establish a clear probability that petitioner himself would be subjected to violence or future persecution. Moreover, the agency specifically found that petitioner's family has continued to live in Mexico unharmed.

We reject petitioner's argument that the BIA should have held that he was a member of a particular social group based on his indigenous heritage, because the BIA denied his application on other grounds.

4

2. Substantial evidence supports the denial of petitioner's CAT claim. Petitioner's CAT arguments turn on the same evidence submitted in support of his withholding claim (the three incidents and country condition reports), and the agency's finding that petitioner's prior treatment was not torture is consistent with this court's case law. *See, e.g.*, *Kumar v. Gonzales*, 444 F.3d 1043, 1055–56 (9th Cir. 2006). The IJ's and BIA's conclusions that the reports failed to establish a particularized threat of torture to petitioner is also supported by substantial evidence. *See, e.g.*, *Mukulumbutu v. Barr*, 977 F.3d 924, 927–28 (9th Cir. 2020). Finally, we reject petitioner's argument that he will be "tortured" because his children will be deprived of healthcare if he is removed to Mexico. Substantial evidence supports the agency's contrary determination that petitioner did not show it was more likely than not he would face torture were he to return to Mexico, and we have recognized that generally, "a country's failure to provide its citizens with a particular level of medical care or education due to economic constraints is not persecution," *see, e.g.*, *Tchoukhrova v. Gonzales*, 404 F.3d 1181, 1194 (9th Cir. 2005), *vacated on other grounds*, 549 U.S. 801 (2006); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) ("[T]orture is more severe than persecution . . . .").

**PETITION DENIED.**

5